UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9750 PSG (JEMx) | Date | March 21, 2016 |
|---|---|---|---|
| Title | Robert Eringer v. Brigham Joel Ricks | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Defendant's motion to dismiss and Plaintiff's request for leave to file a first amended complaint

On December 29, 2015, Defendant Brigham Joel Ricks filed a motion to dismiss Plaintiff Robert Eringer's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6). Dkt. #11. On February 22, 2016, Plaintiff filed his opposition to the motion, which included a request for leave to file a proposed first amended complaint. Dkt. #13. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7–15. After considering the moving, opposing, and reply papers, the Court DENIES Defendant's motion and Plaintiff's request.

The Local Rules and the Court's Standing Order require counsel to meet and confer at least seven days prior to the filing of most motions. *See* L.R. 7-3; *Standing Order* ¶5(b). Local Rule 7-3 provides that:

> In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Similarly, this Court's Standing Order states:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9750 PSG (JEMx) | Date | March 21, 2016 |
|---|---|---|---|
| Title | Robert Eringer v. Brigham Joel Ricks | | |

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor or other nonsubstantive matters during the conference.

*Standing Order* ¶5(b).

Defendant states in his motion to dismiss that a Local Rule 7-3 conference did not take place: "PLEASE TAKE NOTICE that a conference of counsel pursuant Local Rule 7-3 did not take place due the Christmas vacations and the shortened time to file this motion after removal." *See Not. of Mot.* 2. Plaintiff makes no mention of whether he attempted to comply with Local Rule 7-3 for his request for leave to file a first amended complaint. *See generally Opp.*

This case illustrates the propriety of Local Rule 7-3. Had the parties properly met and conferred prior to the motion to dismiss, they could have discussed whether an amended complaint would ameliorate Defendant's concerns. Similarly, had the parties met and conferred prior to the request for leave to a file first amended complaint, they could have discussed whether Defendant was willing to consent, which would obviate the need for court intervention, *see* Fed. R. Civ. P. 15(a)(2), and moot the motion to dismiss, *see Gomez v. Guthy-Renker, LLC*, No. EDCV1401425JGBKKX, 2015 WL 4270042, at *1 (C.D. Cal. July 13, 2015).

The Court therefore DENIES Defendant's motion to dismiss and Plaintiff's request for leave to file a first amended complaint WITHOUT PREJUDICE. Defendant may refile his motion to dismiss by **April 4, 2016** if he properly partakes in a Local Rule 7-3 conference. If Defendant chooses not to refile, then the normal Federal Rule of Civil Procedure 12(a)(4)(A) rules apply.

**IT IS SO ORDERED.**